**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Phi H. NGUYEN, Defendant/Appellant.**

**No. ED 98723.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 27, 2013.

Mary Highland Moore, Jefferson City, MO, for Plaintiff/Respondent.

Lisa M. Stroup, St. Louis, MO, for Defendant/Appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

Phi H. Nguyen (Appellant) appeals from the trial court's judgment entered upon a jury verdict convicting him of second-degree domestic assault and armed criminal action. We affirm.

*Factual and Procedural Background*

The State charged Appellant with first-degree domestic assault, armed criminal action and felonious restraint. The evidence presented at trial, viewed in the light most favorable to the verdict, is as follows.

Appellant and his mother, Victim, lived together. On October 20, 2010, Appellant woke up after Victim had finished cooking a meal. Appellant went into the kitchen to eat. Victim testified that when she refused to allow Appellant to eat the food she had prepared, Appellant hit her on the head with a bowl. Ngoc Le (Le), Victim's boyfriend, was working in the yard and heard Appellant and Victim arguing. Le

tried to stop the assault but Appellant pushed him out of the house and locked the door. Le could not get inside the house so he called police.

Victim tried to leave the house but was locked inside. When she tried to escape, Appellant grabbed her, scratched the back of her neck and held her arms. Appellant pulled Victim into the bedroom. Appellant threw Victim a pillow and told her to lie on the floor. Appellant allowed Victim to the use the bathroom to try to clean her injuries. While in the bathroom, Victim heard the police outside and threw her keys out the bathroom window to the police. The police used the keys to unlock the door and enter the home.

When police entered the home, the house was in disarray. There was broken glass throughout the kitchen. There was blood splatter on the kitchen and stairwell walls, streaks of blood on the walls between the kitchen and the bedroom and a pool of blood on the kitchen floor. The bed was soaked in blood and there was blood on the bedroom floor.

Victim was covered in blood and had blood gushing from her head. A large portion of Victim's scalp was pulled back from her head. Victim was transported to St. Louis University Hospital where she was treated in the emergency room. Victim had multiple lacerations to her scalp requiring sutures and abrasions on both sides of her head, on her trunk and on one of her feet.

Victim told police officers Appellant hit her with a bowl, a hammer, a metallic object and his hands. Victim indicated she used her arms and hands to deflect the hammer strikes.

The jury found Appellant guilty of second-degree domestic assault and armed criminal action. The court sentenced Appellant to two concurrent terms of 3 years' imprisonment. This appeal follows.

## Points Relied On

In his first point, Appellant argues the trial court abused its discretion in overruling his objection to the court's questioning Le about how the door was locked when he was pushed out of the home because Appellant was deprived of his rights to due process and an impartial court, in that the court's questions showed its belief in Appellant's guilt. Appellant asserts he was prejudiced by the court's questions because they showed the court was biased against Appellant because they elicited evidence Appellant had locked the door to keep out Le.

In his second point, Appellant argues the trial court plainly erred in overruling his objection to the admission of State's Exhibit 14, the Victim's medical records, because their admission violated Appellant's right to due process of law, in that the record contained information relating to Victim's and the treating physician's testimony. Appellant contends manifest injustice and miscarriage of justice occurred because the medical records highlighted that Victim had been hit several times on her head, with at least one cut requiring stitches.

## Standard of Review

Appellant did not preserve either of his claims of error for appellate review because he failed to timely object to the alleged errors. Appellant's claims are subject to, at most, plain error review.

Under plain error review, the defendant must show that an evident, obvious, and clear error affected a substantial right resulting in manifest injustice or a miscar-

**508**

riage of justice. Rule 30.20 [1]; *State v. Washington*, 260 S.W.3d 875, 879 (Mo.App. E.D.2008). It is the defendant's burden to demonstrate that the error prejudiced him and resulted in manifest injustice or a miscarriage of justice. *State v. Johnson*, 220 S.W.3d 377, 385 (Mo.App. E.D.2007).

### Discussion

### Point I

■ At trial, Le testified primarily without the aid of a translator. Le testified he was outside working on his car when he heard Victim and Appellant arguing. Le stated he tried to break up the fight but Appellant pushed him outside. When asked if he tried to get back inside the house, Le testified, "No. The door is locked when he pushed me out."

After cross-examination, the Court conducted the following inquiry of Le:

BY THE COURT:

Q. Do you remember if that door locks automatically when it's closed?

A. Yes. Well, actually he pushed me out and the door slammed, I can't get in.

Q. But how did the door get locked?

A. This one is lock, you know, you lock it.

Q. Well, some doors you have to turn to bolt. Other doors you just close and it's locked.

A. No, you have a, you know, like the entry, you know, locks so when you push down to lock, I guess he lock it so I can't get in. It's not automatically shut.

Q. It does not automatically shut? Someone has to affirmatively lock it?

MR. WALTZ: Your Honor, I'm going to—

THE COURT: I'm asking the question.

MR. WALTZ: I understand but I just want to make an objection to the Court asking these questions.

THE COURT: Overruled. I just want to know.

THE WITNESS: You're so, you know, you so shook up, you know, you don't know what to do. You just want to help the person, you know.

THE COURT: Okay. I just want to know that. Thank you.

Appellant contends the trial court erred in questioning Le because the evidence elicited was irrelevant and demonstrated the court's bias against Appellant.

■ "It is generally proper for a judge to question witnesses in an attempt to elicit the truth more fully." *McLaughlin v. State*, 378 S.W.3d 328, 339 (Mo. banc 2012).

After Le's initial testimony it was unclear how the door became locked. The court's questions were narrowly tailored to clarify Le's testimony on a specific issue, whether the door locked automatically or whether someone had to take some affirmative action to lock the door. This evidence was relevant to the charge of felonious restraint. The court's questions were appropriate and in no way indicated bias or prejudice against Appellant. Appellant has failed to demonstrate any trial court error, plain or otherwise, related to the court's examination of Le. Furthermore, Appellant has not demonstrated prejudice by showing that the court's questions had a decisive effect on the verdict as Appellant was acquitted of the felonious restraint charge. Appellant's Point I is denied.

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

*Point II*

The State sought to introduce Victim's medical records at trial. Appellant initially objected to their admission as they contained hearsay and were "cumulative, not relevant and bolstering." After the hearsay statements were redacted from the records, the court asked defense counsel if he objected to "[a]nything else in the medical records[.]" Defense counsel stated, "No," and "Everything else looks fine to me." Defense counsel also did not object to the jury's request to review the medical records.

Counsel's statement that he was not objecting to the admission of the redacted medical records amounts to an affirmative waiver of appellate review of the issue. *State v. Williams,* 118 S.W.3d 308, 313 (Mo.App. S.D.2003). Appellant's Point II is denied.

*Conclusion*

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.